**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

**Plaintiff/Respondent,**

**v.** **Case No. 03-20036-JWL**
**04-3304-JWL**
**Deione M. Smith,** **05-3013-JWL**

**Defendant/Petitioner.**

**MEMORANDUM & ORDER**

Deione Smith was charged in a six-count indictment with three counts of distribution of 5 grams or more of crack cocaine (Counts 1, 2 and 3); possession of a firearm in furtherance of a drug trafficking crime (Count 4); and two counts of knowingly maintaining a residence for the purpose of distributing a controlled substance (Counts 5 and 6). On May 12, 2003, Ms. Smith entered a plea of guilty to Counts 3 and 4 of the indictment. In the plea agreement executed by Ms. Smith, she waived her right to appeal the sentence imposed or to challenge it through collateral attack. On September 15, 2003, Ms. Smith was sentenced to a 130-month term of imprisonment. The judgment of conviction was entered on the docket on September 29, 2003. Ms. Smith did not appeal.

On September 13, 2004, Ms. Smith filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (docs. 23 and 24)[1] on the grounds that her counsel advised

[1]In fact, Ms. Smith filed two separate 2255 motions within two days. On September 13, 2004, Ms. Smith's counsel filed a motion on her behalf and on September 15, 2004, Ms. Smith filed a pro se motion. However, because the motions set forth substantially similar arguments,

her to plead guilty to a crime of which she was actually innocent, her conviction was based on evidence obtained through an unlawful search of her home and her counsel was ineffective in that he failed to file a motion to suppress concerning the alleged unlawful search of her home. In her reply to the government's response to her motion, she further asks this court to vacate her sentence in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). As explained below, Ms. Smith's motion is denied in its entirety.

## I. Ms. Smith Waived her Right to Challenge her Sentence

The government opposes Ms. Smith's motion on the grounds that Ms. Smith expressly waived her right to challenge her sentence through collateral attack in the plea agreement that she executed. Ms. Smith, in turn, asserts that the plea agreement and waiver of rights should not be enforced because she received ineffective assistance of counsel in connection with the plea agreement. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and

the court treats the motions as one in this order.

voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

*A. Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Ms. Smith waived her right to challenge her sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any manner in connection with this prosecution and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343. Bearing these principles in mind, the issues raised in Ms. Smith's § 2255 petition clearly fall

within the scope of her waiver and she does not contend otherwise. *See, e.g., United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005) (rejecting defendant's argument that waiver in plea agreement was unenforceable on the basis of changes in the law, including Supreme Court's decision in *Booker*, after the bargain was struck) (and cases cited therein); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) (right to appeal a sentence based on *Booker* grounds can be waived in a plea agreement even if *Booker* had not been decided at the time of the plea; broad waiver language covers those grounds of appeal).

*B. Knowing and Voluntary*

Ms. Smith does not contend that her waiver was not knowing and voluntary. Nonetheless, in an abundance of caution, the court briefly analyzes this aspect of the waiver. In determining that Ms. Smith's waiver was knowing and voluntary, the court looks no further than the language of the plea agreement and the court's Rule 11 colloquy with Ms. Smith. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Paragraph 16 of Ms. Smith's plea agreement expressly states that the plea was knowing and voluntary:

> The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that she has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

Expressly stated in the plea agreement was the waiver where Ms. Smith agreed to "knowingly and voluntarily waive[] any right to appeal or collaterally attack any matter in connection with this prosecution and sentence." In addition, the court, during its Rule 11 colloquy with Ms. Smith, discussed extensively the fact that Ms. Smith had waived her right to appeal or otherwise challenge her sentence through a § 2255 motion. The court's discussion with Ms. Smith clearly revealed that Ms. Smith understood the nature of her waiver and voluntarily accepted it with knowledge of the consequences of the waiver.

*C. Miscarriage of Justice*

In her motion, Ms. Smith contends that enforcing her plea agreement and accompanying waiver of rights would result in a miscarriage of justice. Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. According to Ms. Smith, she received ineffective assistance of counsel in connection with the negotiation of the plea agreement because her counsel advised her to plead guilty to possession of a firearm in furtherance of a drug trafficking crime when, in fact, she was innocent of that crime. As explained below, Ms. Smith's argument is totally without merit.

The constitutional right to effective assistance of counsel is defined in *Strickland v.*

*Washington*, 466 U.S. 668 (1984). To obtain habeas relief, a petitioner must establish both that her attorney's representation was deficient, measured against an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *See id.* at 687, 688, 694. According to Ms. Smith, she was innocent of the crime to which she pled guilty because she did not "actively employ" a firearm at any time during the drug transactions that she conducted. In support of her argument, relies on *Bailey v. United States*, 516 U.S. 147 (1995) and *Bousley v. United States*, 523 U.S. 614 (1998). While Ms. Smith is correct that these cases require the government to show "active employment" of a firearm, that requirement is applicable only with respect to convictions under the "use" prong of § 924(c)(1). *See Bousley*, 523 U.S. at 616. Ms. Smith was charged, pled guilty to and convicted under the "possession" prong of § 924(c)(1). Under the "possession" prong, the government need not show active employment of the firearm and Ms. Smith's argument ignores the distinction between the two prongs of the statute. *See United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001). Ms. Smith cannot show that her counsel's performance was deficient because, in fact, the government was not required to prove that Ms. Smith actively employed a firearm during the relevant drug transactions. This argument, then, is rejected.

**II. Ms. Smith's Motion Fails on the Merits**

Even if the issues raised by Ms. Smith in her § 2255 petition did fall outside the scope of her waiver or her waiver were otherwise unenforceable, her motion nonetheless fails on the

merits.[2] To the extent Ms. Smith's motion is based on *Booker*, her motion fails because *Booker*, having announced a new rule of criminal procedure, applies retroactively only to cases pending on direct review or cases that are not yet final. *See United States v. Leonard*, 2005 WL 139183, at *2 (10th Cir. Jan. 24, 2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005). Ms. Smith's case is not pending on direct review and her case was final prior to the Supreme Court's decision in *Booker*. Thus, *Booker* does not apply retroactively to Ms. Smith's § 2255 petition and it has no bearing on Ms. Smith's sentence.

Moreover, Ms. Smith has not shown that she received ineffective assistance of counsel based on her counsel's failure to file a motion to suppress regarding the alleged unlawful search of her home. The record reflects that any motion to suppress would have been meritless. As reflected in factual basis of the plea agreement, one of Ms. Smith's family members, Terry Bert, initially allowed officers into Ms. Smith's home at which time Ms. Smith gave the officers permission to search her home. However, the officers decided to obtain a search warrant in any event based on some of Ms. Smith's statements. After obtaining the warrant, the officers discovered drugs and firearms in the home. Ms. Smith has not shown that her counsel was deficient for failing to file a motion to suppress in such circumstances. *See United States v. Chavez-Marquez*, 66 F.3d 259, 262-63 (10th Cir. 1995) (rejecting ineffectiveness claim where

---

[2]With respect to Ms. Smith's argument that her conviction was based on evidence obtained through an unlawful search of her home, this argument is rejected as it is procedurally barred. *See United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review).

failure to file a motion to suppress was a "reasonable tactical decision" in light of defendant's consent to search).

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Smith's motions to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (docs. 23 and 24) are denied.

**IT IS SO ORDERED** this 11th day of April, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge