# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff/Respondent,**

v.                                                                                     Case No. 03-20036-JWL
                                                                                              04-3304-JWL
**Deione M. Smith,**                                                         05-3013-JWL

      **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On April 11, 2005, the court entered judgment denying Ms. Smith's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Ms. Smith now moves the court to reconsider its order. As explained below, the motion is denied in part and retained under advisement in part. Specifically, the court denies the motion to the extent Ms. Smith seeks reconsideration of the court's rejection of Ms. Smith's arguments that her conviction was based on evidence obtained through an unlawful search of her home and that her counsel was ineffective in that he failed to file a motion to suppress concerning the alleged unlawful search of her home.[1] The court retains the motion under advisement to the extent Ms. Smith argues that she pleaded guilty to and was convicted of a crime of which she was actually innocent. With respect to this argument, Ms. Smith is entitled to relief–the withdrawal of her plea–and the court will appoint

---

[1] Ms. Smith also asserted in her § 2255 motion that she was entitled to have her sentence vacated in light of the Supreme Court's decision *United States v. Booker*, 125 S. Ct. 738 (2005). The court rejected this argument and Ms. Smith does not challenge that ruling in her motion to reconsider.

counsel for Ms. Smith for the purpose of advising Ms. Smith on whether she should withdraw her plea, whether she and the government might agree to permit Ms. Smith to replead or whether the case should be set for trial.

In her § 2255 motion, Ms. Smith argued that her conviction was based on evidence obtained through an unlawful search of her home and that her counsel was ineffective in that he failed to file a motion to suppress concerning the alleged unlawful search of her home. The court rejected these arguments. In her motion to reconsider, Ms. Smith continues to insist that the search of her home was unlawful and that her counsel should have filed a motion to suppress the evidence uncovered during the allegedly unlawful search. While Ms. Smith offers additional facts supporting her claims, she essentially advances the same arguments that the court has previously rejected. The motion to reconsider, then, is denied on these issues. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (a motion to reconsider is not an appropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion).

Ms. Smith further argued in her § 2255 motion that her counsel advised her to plead guilty to a crime of which she was actually innocent. Specifically, Ms. Smith asserted that she was innocent of the crime to which she pled guilty because she did not "actively employ" a firearm at any time during the drug transactions that she conducted. The court rejected Ms. Smith's argument, stating that Ms. Smith was charged, pled guilty to and was convicted under the "possession" prong of § 924(c)(1) and, under the "possession" prong, the government need not show active employment of the firearm. The court's statement was incorrect. Ms. Smith was

2

charged in Count 4 of the indictment with possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1).  As Ms. Smith highlights in her motion to reconsider, however, the plea agreement that she executed describes Count 4 of the indictment, presumably through mistake of counsel, as charging a violation of the "use" prong of § 924(c)(1) and, ultimately, Ms. Smith agreed to plead guilty to "use of a firearm during or in relation to a drug trafficking crime."[2]  The factual basis purportedly supporting Ms. Smith's plea of guilty, in fact, does not support a conviction under the "use" prong of section 924(c)(1).[3]  Rather, it supports what was charged in the indictment–that Ms. Smith "possessed" firearms in furtherance of a drug trafficking crime.[4]  Consistent with the plea agreement, the judgment reflects that Ms. Smith is

---

[2]The record reflects that none of the parties intended for Ms. Smith to plead guilty to a crime different from the crime charged in the indictment.  In other words, this is not an example of the government permitting a defendant to knowingly plead to a "lesser" offense.  It is undisputed that Ms. Smith did not knowingly plead to "use" of a firearm as opposed to "possession" of a firearm.

[3]While Ms. Smith admits in the factual basis of her plea agreement that "firearms were utilized during and in relation to the trafficking of drugs," she does not admit that any firearms were utilized on the date set forth in the indictment, on or about January 3, 2002.

[4]To the extent Ms. Smith argues in her motion to reconsider that the facts do not support a conviction under the "possession" prong of § 924(c)(1), that argument is rejected as the factual basis for Ms. Smith's plea reflects that the firearms were found in proximity to drugs and cash.  *See United States v. Jenkins*, 313 F.3d 549, 559 (10th Cir. 2002) (upholding conviction under § 924(c) in part because witness testified that guns were displayed in the same room of the defendant's house where crack cocaine was kept); *United States v. Lott*, 310 F.3d 1231, 1247 (10th Cir. 2002) (where firearm is present in the same premises as drugs or drug transactions, key is whether the weapon is "strategically located so that it is quickly and easily available for use"); *United States v. Avery*, 295 F.3d 1158, 1180 (10th Cir. 2002) (upholding conviction under § 924(c) where weapons were found in home from which defendant sold drugs; most weapons were found in defendant's bedroom, where agents also found drugs; all weapons were loaded); *United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001) (a firearm is possessed in furtherance of a drug trafficking crime if it is kept

3

guilty of "use of a firearm during and in relation to a drug trafficking crime." Thus, Ms. Smith pled guilty to and was convicted of a crime that was never charged by indictment.

The court, turns, then to consider whether Ms. Smith is entitled to relief and, if so, the nature of that relief. As a threshold matter, the court notes that Ms. Smith, in her plea agreement, has waived her right to challenge any matter in connection with her prosecution and sentence. To the extent this waiver encompasses the unusual circumstances presented here,[5] the court will not enforce the waiver because to do so would result in a miscarriage of justice. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005) (a specific waiver of rights contained in a knowing and voluntary plea agreement will be enforced unless such enforcement constitutes a miscarriage of justice). In evaluating whether a miscarriage of justice has occurred, the court applies the plain error test. *Id.* "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public

---

"available for use if needed during a drug transaction"). Of course, if Ms. Smith withdraws her plea, then she is free to argue at trial that the firearms were not "possessed in furtherance of a drug trafficking crime." For purposes of her § 2255 motion, however, the argument is rejected.

[5]It appears that the government may not have intended for Ms. Smith to waive her right to challenge her conviction. The waiver provision of the plea agreement executed by Ms. Smith, found in paragraph 11, states that "Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence." The court has had occasion to review innumerable plea agreements executed by the government and the vast majority of those agreements contain waiver provisions in which the defendant waives his or her right to appeal or collaterally attack "any matter in connection with this prosecution, conviction and sentence." Ms. Smith's agreement does not contain the explicit reference to "conviction." One could infer, then, that the government intended that "prosecution" and "conviction" are two entirely distinct concepts and that, by failing to reference "conviction" in Ms. Smith's agreement, it did not intend to have Ms. Smith waive her rights to challenge her conviction.

4

reputation of judicial proceedings." *Id.* at 1122-23 (citations omitted). Surely, permitting a defendant to plead guilty to a crime not charged in the indictment satisfies the plain error test. *United States v. Phillips*, 869 F.2d 1361, 1364 (10th Cir. 1988) (if indictment is broadened through amendment other than by grand jury, amendment constitutes plain error and is reversible per se); *see also United States v. Floresca*, 38 F.3d 706, 710-12 (4th Cir. 1994) ("[C]onvicting a defendant of an unindicted crime affects the fairness, integrity, and public reputation of federal judicial proceedings in a manner most serious."). Thus, Ms. Smith's waiver of rights does not bar consideration of her claim.

In essence, then, the plea agreement executed by the parties constructively amended the indictment and modified the essential elements of the crime charged in the indictment. For, as Ms. Smith highlights, the "use" prong of §924(c)(1) requires a showing that the defendant "actively employed" a firearm–an element not required under the "possession" prong of § 924(c)(1). The government may not change the charge in the indictment put forward by the grand jury–even unintentionally–because the Fifth Amendment guarantees that no person shall be held to answer for a capital or infamous crime unless on presentment or indictment of a grand jury. *See United States v. Reasor*, 418 F.3d 466, 474 (5th Cir. 2005) (citing *United States v. Chambers*, 408 F.3d 237 (5th Cir. 2005) (a constructive amendment of the indictment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged in the indictment; in such cases, reversal is automatic, because the defendant may have been convicted on a ground not charged in the indictment)); *United States v. Thomas*, 274 F.3d 655, 670 (2d Cir. 2001) (constructive amendment occurs when the terms of

5

the indictment are effectively modified by the presentation of evidence or by actions of the court so that "there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment" and such amendment is per se prejudicial); *United States v. Wacker*, 72 F.3d 1453, 1464 n.8 (10th Cir. 1995) (where evidence was insufficient to sustain convictions for "use" of firearms during drug trafficking crime, defendants could not be found guilty of "carrying" firearms because indictment did not charge defendants with carrying firearms); *United States v. Floresca*, 38 F.3d 706 (4th Cir. 1994) (plain error where defendant was convicted of an unindicted crime); *United States v. Mosley*, 965 F.2d 906, 915 (10th Cir. 1992) (the rule against constructive amendment of an indictment is only concerned with amendments that effectively subject a defendant to the risk of conviction for an offense that was not originally charged in the indictment)*; Phillips*, 869 F.2d at 1364 (if indictment is broadened through amendment other than by grand jury, amendment constitutes plain error and is reversible per se).

Ms. Smith, then, is undoubtedly entitled to relief. While she suggests in her motion that she seeks to have her sentence vacated on this charge and to have the charge dismissed in its entirety, the appropriate relief in such circumstances is to set aside Ms. Smith's plea. *See Reasor*, 418 F.3d at 470-71 (where factual basis of plea does not support guilty plea to crime charged in indictment, remedy is to permit withdrawal of plea) (vacating conviction on forgery counts; permitting withdrawal of plea on those counts; and remanding for further proceedings on those counts); *see also United States v. Stewart*, 1995 WL 539473, at *3 (10th Cir. Aug. 31, 1995) (appropriate remedy for involuntary or unknowing plea is to vacate guilty plea). While Ms. Smith has not expressly asked to withdraw her plea, her § 2255 motion is an appropriate vehicle in which

to do so. *See* Fed. R. Crim. P. 11(e) ("After the court imposes a sentence, the defendant may not withdraw a plea of guilty or nolo contendre, and the plea may be set aside only on direct appeal or collateral attack.").

Nonetheless, because Ms. Smith has not expressly indicated a desire to withdraw her plea, the court is reluctant to vacate Ms. Smith's conviction–even though she is clearly entitled to have the conviction vacated–without Ms. Smith obtaining advice from counsel about the consequences of the withdrawal of her plea, including the possibility that the government might seek to reinstate the charges that it agreed to dismiss as a result of Ms. Smith's plea. *See United States v. Bunner*, 134 F.3d 1000, 1005 (10th Cir. 1998). In such circumstances, the court believes that the best approach is to appoint counsel for Ms. Smith and to conduct a status conference for the purpose of discussing further proceedings in this case, whether those proceedings include the withdrawal of Ms. Smith's plea and setting the case for trial or permitting Ms. Smith to replead.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to reconsider (doc. 41) is denied in part and retained under advisement in part.

**IT IS FURTHER ORDERED** that the court will appoint counsel for Ms. Smith and will schedule a status conference, by separate order, as soon as practicable in light of the need to arrange for the transport of Ms. Smith to the District of Kansas for purposes of the status conference.

**IT IS SO ORDERED** this 14th day of September, 2005.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge