## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                          **Case No. 03-20036-JWL**

**Deione M. Smith,**

      **Defendant.**

## MEMORANDUM & ORDER

Deione Smith was initially charged in a six-count indictment with three counts of distribution of 5 grams or more of crack cocaine (Counts 1, 2 and 3); possession of a firearm in furtherance of a drug trafficking crime (Count 4); and two counts of knowingly maintaining a residence for the purpose of distributing a controlled substance (Counts 5 and 6). On May 12, 2003, Ms. Smith entered a plea of guilty to Counts 3 and 4 of the indictment. In December 2005, the court permitted Ms. Smith to withdraw her guilty plea after it was discovered that Ms. Smith pled guilty to and was convicted of a crime that was never charged by indictment–she pled guilty to and was convicted of "use" of a firearm under § 924(c)(1) but was charged in the indictment with "possession" of a firearm. After Ms. Smith withdrew her plea, the government filed a superseding indictment. Thereafter, Ms. Smith agreed to plead guilty to one charge of possession with intent to distribute crack cocaine in exchange for a dismissal of the remaining counts.

Ultimately, the court sentenced Ms. Smith to 151 months' imprisonment and, in doing

so, applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Ms. Smith appealed her sentence to the Tenth Circuit. In a published decision, the Circuit concluded that the plea agreement executed by Ms. Smith constituted an enforceable waiver of appellate rights and dismissed Ms. Smith's appeal. *United States v. Smith*, 500 F.3d 1206 (10th Cir. 2007).

Ms. Smith now asks the court to reconsider its application of the two-level enhancement under U.S.S.G. § 2D1.1(b)(1), arguing that the enhancement violates her Sixth Amendment rights as stated in *Apprendi*, *Blakely* and *Booker* because a jury did not find facts that would justify such an enhancement. Significantly, Ms. Smith has not identified the specific procedural vehicle for her request. She has not styled the motion as one for habeas relief under § 2255 (and never mentions the statute in her motion), though it appears that she seeks to file such a motion and, indeed, the court concludes that the motion can only be considered under § 2255. Nonetheless, the court cannot consider Ms. Smith's motion under § 2255 without offering Ms. Smith the opportunity to withdraw her motion rather than have it recharacterized as a § 2255 motion in light of the risks to Ms. Smith associated with recharacterization. *See United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002) (permitting prisoner the option of withdrawing motion allows a prisoner the option of forgoing his motion until later, so that it does not "prevent [him] from raising a legitimate claim in a subsequent § 2255 petition").[1]

---

[1] While the court recognizes that this rule does not apply where the motion is a successive motion, *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006), Ms. Smith's motion would not be deemed a successive motion under the circumstances. *See United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) (where granting of prior § 2255

Thus, the court will consider Ms. Smith's motion for reconsideration as a motion under 18 U.S.C. § 2255 unless Ms. Smith files with the court a notice of her desire not to have it so treated and thus to withdraw the motion no later than March 16, 2009.  In the alternative, defendant may file, no later than March 16, 2009, a motion to amend her motion to set out explicitly any additional claims for relief she may have under § 2255.  If Ms. Smith elects to file a supplemental pleading setting forth explicitly her claims for relief under § 2255, she must also explain to the court why those claims have not been waived by Ms. Smith in light of the waiver of rights in her plea agreement–a waiver that the Tenth Circuit has enforced.

To reiterate, if Ms. Smith does not notify the court by March 16, 2009 of her request to either amend the motion or withdraw the motion altogether, Ms. Smith's motion will be construed as a § 2255 motion.  After that time, Ms. Smith will not have the ability to amend the § 2255 motion, and any and all motions filed thereafter under § 2255 will be construed as successive.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Smith's motion for reconsideration is **retained under advisement** and Ms. Smith is granted until **March 16, 2009** to file a supplemental pleading stating whether she wants the court to treat her motion as a § 2255 motion.  If Ms. Smith elects to have her motion treated as a § 2255 motion, she may also request to amend the motion to include any additional claims for relief under § 2255.

---

petition has the effect of reinstating the right to a direct appeal, the first subsequent motion is not a second or successive motion under AEDPA).

**IT IS SO ORDERED** this 13th day of February, 2009.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge