# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                               **Case No. 03-20036-JWL**

**Deione M. Smith,**

    **Defendant.**

## MEMORANDUM & ORDER

In October 2008, Ms. Smith asked the court to reconsider its application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), arguing that the enhancement violates her Sixth Amendment rights as stated in *Apprendi*, *Blakely* and *Booker* because a jury did not find facts that would justify such an enhancement. Because Ms. Smith did not identify the specific procedural vehicle for her request, the court provided Ms. Smith the opportunity to withdraw her motion rather than have it recharacterized as a § 2255 motion in light of the risks to Ms. Smith associated with recharacterization. Ms. Smith has now timely responded to the court's order and, in her response, she asserts her desire to withdraw her motion. In addition, she asks the court to appoint counsel on her behalf and inquires about the time period within which she is able to file a timely motion under § 2255.

To begin, the court denies Ms. Smith's request for appointed counsel as the "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The court turns, then, to Ms. Smith's asserted desire to withdraw her

motion for reconsideration. In light of Ms. Smith's inquiry concerning the statute of limitations for filing a timely § 2255 motion,[1] the court has reviewed the pertinent dates and it appears that the statute of limitations for filing a timely motion expired after the filing of Ms. Smith's motion for reconsideration and before the court's order directing Ms. Smith to advise the court whether she desired to withdraw the motion. Because the statute of limitations has expired, any § 2255 motion filed by Ms. Smith at this juncture would be deemed untimely unless Ms. Smith can show that the statute of limitations should be equitably tolled. Equitable tolling is available only in very rare and exceptional circumstances where defendants diligently pursue their claims and demonstrate that the failure to timely file was caused by extraordinary circumstances beyond

---

[1] A petitioner's motion for post-conviction relief under 28 U.S.C. § 2255(f) must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). For purposes of starting the one-year limitation period under § 2255(f)(1), "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 & 527 (2003) (noting 90-day window under Supreme Court rules for filing of certiorari petition).

2

their control. However, if the court were to treat Ms. Smith's motion for reconsideration as a § 2255 motion, that motion would be deemed timely filed because it was filed within the limitations period.

Thus, the court feels constrained to provide Ms. Smith another opportunity to advise the court how she wishes the court to proceed concerning her motion. Specifically, Ms. Smith can either advise the court **by Friday, May 1, 2009** that she wishes to withdraw her motion for reconsideration (and run the risk that a § 2255 motion filed at a later date will be deemed untimely) or Ms. Smith can advise the court **by Friday, May 1, 2009** that she desires to have her motion for reconsideration treated as a § 2255 motion. If Ms. Smith does not notify the court of her decision by May 1, 2009, the court will construe Ms. Smith's motion for reconsideration as a § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Smith's motion to withdraw and for appointment of counsel (doc. 140) is **denied in part and retained under advisement** in part. The motion is denied with respect to Ms. Smith's request for the appointment of counsel and is otherwise retained under advisement.

**IT IS SO ORDERED** this 27th day of March, 2009.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge