**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

      **Plaintiff,**

**v.**                                                                                 **Case No. 03-20036-JWL**

**Deione M. Smith,**

      **Defendant.**

**MEMORANDUM & ORDER**

In October 2008, Ms. Smith asked the court to reconsider its application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), arguing that the enhancement violates her Sixth Amendment rights as stated in *Apprendi*, *Blakely* and *Booker* because a jury did not find facts that would justify such an enhancement. Because Ms. Smith did not identify the specific procedural vehicle for her request, the court provided Ms. Smith an opportunity to advise the court how she desired the court to proceed concerning her motion. Specifically, the court directed Ms. Smith to either advise the court that she desired to have her motion for reconsideration treated as a § 2255 motion or that she desired to withdraw her motion for reconsideration (and run the risk that a § 2255 motion filed at a later date would be deemed untimely). The court further advised Ms. Smith that if she did not notify the court of her decision by May 1, 2009, then the court would construe the motion for reconsideration as a § 2255 motion.

Ms. Smith timely filed a supplemental pleading in which she reiterates and elaborates on

her arguments concerning the firearm enhancement. While Ms. Smith has not expressly advised the court that she seeks to have her arguments considered under § 2255, she certainly does not indicate an intention to withdraw those arguments and, thus, the court construes her supplemental pleading as an expression of her intent to have her arguments resolved under § 2255. Because the government has not yet had the opportunity to respond to the motion construed as such, the court will direct the government to file a substantive response to the motion and Ms. Smith's supplemental pleading no later than Friday, June 5, 2009 and Ms. Smith may file any reply to that response no later than Friday, July 3, 2009.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Smith's motion for reconsideration (doc. 125) is hereby construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and remains under advisement. The government shall file a response to the motion no later than **Friday, June 5, 2009** and Ms. Smith may file any reply to the response no later than **Friday, July 3, 2009.**

**IT IS SO ORDERED** this 15th day of May, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

2