IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                        **Case No. 03-20036-JWL**

**Deione M. Smith,**

      **Defendant.**

## MEMORANDUM & ORDER

In October 2008, Ms. Smith asked the court to reconsider its application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), arguing that the enhancement violates her Sixth Amendment rights as stated in *Apprendi*, *Blakely* and *Booker* because a jury did not find facts that would justify such an enhancement. Thereafter, the court advised Ms. Smith that it would construe her motion as a § 2255 motion unless Ms. Smith, in turn, advised the court that she did not want her motion so construed. Through the filing of a supplemental pleading, Ms. Smith agreed to have her motion construed as a § 2255 motion and amended her motion to include claims that she received ineffective assistance of counsel at her sentencing hearing and that the court erred in refusing to adjust her offense level for acceptance of responsibility and in upwardly adjusting her offense level for obstruction of justice.

In response to Ms. Smith's motion, the government first contends that her motion is untimely filed. The court disagrees and, in fact, already concluded in its order providing Ms. Smith an opportunity to withdraw her motion that if the court were to treat Ms. Smith's motion

for reconsideration as a § 2255 motion, that motion would be deemed timely filed because it was filed within the limitations period. A petitioner's motion for post-conviction relief under 28 U.S.C. § 2255(f) must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Subsection (1) is the only pertinent subsection for purposes of measuring the timeliness of Ms. Smith's motion. In support of its argument that the limitations period has expired, the government measures the one-year period starting from the date the Tenth Circuit issued its mandate enforcing Ms. Smith's waiver of rights and dismissing the appeal. However, the one-year clock does not begin from the issuance of the mandate; it starts "when the time expires for filing a petition for certiorari contesting the appellate court's" dismissal of the appeal. *See Clay v. United States*, 537 U.S. 522, 525 & 527 (2003) (noting 90-day window under Supreme Court rules for filing of certiorari petition); *Latham v. United States*, 527 F.3d 651, 653 (7th Cir. 2008) (applying *Clay* rule in context of dismissal of appeal by Circuit). Ms. Smith's motion was filed well within the one-year window.

The government next contends that Ms. Smith's motion is an unauthorized successive

petition and that Ms. Smith cannot satisfy the conditions for proceeding on a successive petition. This, too, is an argument that the court has already resolved in favor of Ms. Smith. In its order providing Ms. Smith an opportunity to withdraw her motion rather than have it characterized as a § 2255 petition, the court noted that Ms. Smith's motion would not be deemed a successive motion "under the circumstances." *See United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) (where granting of prior § 2255 petition has the effect of reinstating the right to a direct appeal, the first subsequent motion is not a second or successive motion under AEDPA). Significantly, the first § 2255 petition filed by Ms. Smith resulted in the withdrawal of Ms. Smtih's guilty plea; the filing of a superseding indictment; a new plea agreement executed by Ms. Smith; resentencing by the court; and another direct appeal by Ms. Smith. The present motion is the first motion subsequent to those events. Under the Circuit's decision in *Scott*, the present motion is not deemed successive.

The government also argues that Ms. Smith is precluded from habeas relief concerning the application of the firearm enhancement because she did not raise this issue in her direct appeal. In support of its argument, the government simply directs the court to the mandate issued by the Circuit. The court's reading of the mandate, however, reflects that Ms. Smith sought to appeal each of the Guidelines adjustments applied by the court at sentencing, including the firearm enhancement. The Circuit, of course, did not address the argument because it ultimately concluded that Ms. Smith had waived her right to appeal her sentence. The court, then, rejects this argument.

Finally, the government maintains that Ms. Smith's claims have been expressly waived

3

by Ms. Smith in her plea agreement–a waiver that the government moves to enforce (doc. 145). Indeed, the Tenth Circuit has already held that Ms. Smith's challenges to the court's application of the Guidelines adjustments "clearly fall" within the scope of the waiver provision contained in Ms. Smith's plea agreement and held that the waiver was valid and enforceable. This court, of course, need not rehash the analysis performed by the Circuit, but notes only that Ms. Smith's claim that she received ineffective assistance of counsel at her sentencing hearing also falls within the scope of her waiver–a conclusion that Ms. Smith does not challenge. In fact, Ms. Smith, in response to the government's motion to enforce, presents only one argument concerning the validity of her plea and the waiver contained therein. Specifically, Ms. Smith contends that the government breached her plea agreement in two respects–by failing to recommend a two-point reduction for acceptance of responsibility and by "charg[ing] her with a gun enhancement anyway after drop[ping] the gun charge."[1]

Ms. Smith's waiver of rights is not enforceable if the government breached its obligations under the plea agreement. *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008). In resolving a claim that the government breached a plea agreement, the court relies on "general principals of contract law" and, thus, "looks to the express language in the agreement

---

[1]It does not appear that Ms. Smith raised this issue on direct appeal and, accordingly, she would, in all likelihood, be barred from raising the issue now. Nonetheless, the court is not required to raise this procedural bar defense sua sponte (indeed, if it does, it is required to provide Ms. Smith an opportunity to respond to the defense) and may, in its discretion, proceed to the merits. *United States v. Montoya*, 2008 WL 4332535, at *2 n.3 (10th Cir. Sept. 24, 2008). In the interest of efficiency, the court elects to proceed to the merits of the argument.

to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea." *Id*. at 1212-13. Any ambiguities are construed against the government as drafter of the agreement. *Id*. at 1213.

In this case, the government did not breach the plea agreement by failing to recommend a reduction for acceptance of responsibility. The agreement specifically notes that the government's obligation to recommend the reduction is "contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States" and expressly permits the government to withdraw its recommendation if the defendant "denies or gives conflicting statements as to her involvement," falsely contests relevant conduct found to be true, or "willfully obstructs or impedes the administration of justice." Here, all preconditions are present. At the sentencing hearing, Ms. Smith insisted that the firearm found in a bedroom in her home was unrelated to the drug offense for which she was convicted and testified that the large sum of cash found in the same room as the firearm was from the recent sale of her car. The court determined that the bill of sale submitted by Ms. Smith in support of this contention was fraudulent and further determined that Ms. Smith had obstructed justice. In any event, the PSR reflected the government's recommendation of a reduction for acceptance of responsibility and it is the court that determined, at Ms. Smith's sentencing hearing, that Ms. Smith was not eligible for the reduction based on Ms. Smith's submission of fraudulent evidence. To be sure, the government did not breach this aspect of the plea agreement. *See id.* (no breach of plea agreement by failing to recommend reduction for acceptance of responsibility where defendant falsely contested relevant conduct in his affidavit, thereby satisfying express preconditions in

agreement).

Similarly, the government did not breach the plea agreement by "charging" Ms. Smith with a gun enhancement despite its agreement to dismiss the firearm charge. The plea agreement specifically states that relevant conduct will be used to calculate the offense level and the agreement describes relevant conduct as "conduct charged in any dismissed counts of the superseding indictment." The plea agreement also requires the government to provide to the court and the probation office "all information it deems relevant to determining the appropriate sentence in this case," and that such information is not "limited to the count to which the defendant has pled guilty." The government, then, did not breach the plea agreement by arguing that Ms. Smith was subject to an enhancement based on her possession of a firearm in connection with her offense. *See id.* (no breach of plea agreement where government argued for application of enhancement based on defendant's role in the offense; agreement permitted use of relevant conduct in determining offense level and required government to disclose to court and to probation all relevant information).

Because the government did not breach the plea agreement and Ms. Smith advances no other arguments concerning the validity of her plea and waiver, the court concludes that the waiver provision bars the claims asserted in her § 2255 motion. The government's motion to enforce the waiver is granted and Ms. Smith's § 2255 motion is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Smith's "motion for order" (doc. 125), construed as a motion to vacate, set aside or correct her sentence pursuant to

28 U.S.C. § 2255, **is dismissed**; the government's motion to enforce the plea agreement (doc. 145) **is granted**; and Ms. Smith's motion to withdraw (doc. 140) her motion for order **is denied** in light of her supplemental pleading retracting her intent to withdraw her motion for order.

    **IT IS SO ORDERED** this 10th day of August, 2009.

                                              <u>s/ John W. Lungstrum</u>
                                              John W. Lungstrum
                                              United States District Judge